# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL C. GILBERT, JR.,

        Plaintiff,

v.                                               Case No. 08-CV-816

DANIEL G. MITCHELL,

        Defendant.

## ORDER

On October 28, 2008, this court issued an order directing plaintiff Carl C. Gilbert, Jr. ("Gilbert") to forward an initial partial filing fee of $1.71 to the clerk of the court. The court issued this order pursuant to Gilbert's motion for leave to proceed *in forma pauperis*. Gilbert's underlying complaint asserts violations of 42 U.S.C. § 1983 arising out of defendant attorney Daniel Mitchell's alleged failure to return Gilbert's legal papers, files and records. However, it has come to this court's attention that Gilbert failed to disclose in his petition that he has accumulated three "strikes" under the Prison Litigation Reform Act (PLRA) and is prohibited from filing *in forma pauperis*. Therefore, the court is obliged to vacate its order dated October 28, 2008, and will direct Gilbert to pay the full initial filing fee in the amount of $350.00.

The PLRA provides for a prisoner plaintiff to pay the filing fee in increments and precludes dismissal of an action based solely on the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b). However, the PLRA also provides that

if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. In enacting the PLRA, Congress intended to discourage the filing of frivolous *in forma pauperis* lawsuits and included the "three strikes" provision to prevent continued free rides for a litigant who has flooded the courts with frivolous and vexatious litigation.

Gilbert is ineligible to file *in forma pauperis*. Indeed, Gilbert incurred his third strike under the PLRA more than five years ago, in 2003. *See Gilbert v. Haese*, Case No. 01-CV-536 (dismissed on October 29, 2001, as lacking any arguable basis in law); *Gilbert v. American Civil Liberties Union of Illinois, et al.*, Case No. 02-CV-388 (dismissed on May 6, 2002, for failure to state a claim upon which relief may be granted); *Gilbert v. Griesbach, et al.*, Case No. 03-CV-420 (dismissed on May 28, 2003, as lacking any arguable basis in law). Gilbert is well aware of his ineligibility, having received his first notification from this court on October 10, 2006, in an order on a subsequent filing. *See Gilbert v. Frank, et al.*, Case No. 06-CV-1005.

Given Gilbert's accumulation of three "strikes," he may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury. Gilbert has not alleged that he is in imminent danger. In addition, the court cannot infer any imminent danger of serious physical injury from the facts presented in Gilbert's

-2-

Case 2:08-cv-00816-JPS    Filed 10/31/08    Page 2 of 3    Document 7

if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. In enacting the PLRA, Congress intended to discourage the filing of frivolous *in forma pauperis* lawsuits and included the "three strikes" provision to prevent continued free rides for a litigant who has flooded the courts with frivolous and vexatious litigation.

Gilbert is ineligible to file *in forma pauperis*. Indeed, Gilbert incurred his third strike under the PLRA more than five years ago, in 2003. *See Gilbert v. Haese*, Case No. 01-CV-536 (dismissed on October 29, 2001, as lacking any arguable basis in law); *Gilbert v. American Civil Liberties Union of Illinois, et al.*, Case No. 02-CV-388 (dismissed on May 6, 2002, for failure to state a claim upon which relief may be granted); *Gilbert v. Griesbach, et al.*, Case No. 03-CV-420 (dismissed on May 28, 2003, as lacking any arguable basis in law). Gilbert is well aware of his ineligibility, having received his first notification from this court on October 10, 2006, in an order on a subsequent filing. *See Gilbert v. Frank, et al.*, Case No. 06-CV-1005.

Given Gilbert's accumulation of three "strikes," he may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury. Gilbert has not alleged that he is in imminent danger. In addition, the court cannot infer any imminent danger of serious physical injury from the facts presented in Gilbert's

complaint, which merely alleges the defendant's failure to return legal documents. Therefore, Gilbert is ineligible to proceed *in forma pauperis* and must pay the full initial filing fee in the amount of $350.00.

Accordingly,

**IT IS ORDERED** that the court's October 28, 2008 order directing Gilbert to forward to the clerk an initial partial filing fee of $1.71 (Docket #5) be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the full amount of the $350.00 filing fee within twenty (20) days from the date of this order or his case will be dismissed without prejudice and without further notice from the court.

A copy of this order will be sent to the warden of the Waupun Correctional Institution as notice that this order vacates the previous order regarding an initial partial filing fee.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-

Case 2:08-cv-00816-JPS   Filed 10/31/08   Page 3 of 3   Document 7